UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL V. DEMPS,

    Plaintiff,

v.                                              Case No. 8:18-cv-00742-T-60JSS

HILLSBOROUGH COUNTY CLERK
OF THE COURT,

    Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

This matter is before the Court on Defendant, Hillsborough County Clerk of the Court, motion for summary judgment filed on July 30, 2019. (Doc. #14).[1] Plaintiff, Angel V. Demps, filed a response in opposition on August 19, 2019. (Doc. #21). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background

In 2015, Plaintiff filed an EEOC Charge of Discrimination against Defendant alleging that she was not chosen for a promotion (the "2015 discrimination charge") on the basis of her race. *See* EEOC Charge Number 511-2015-01207. Two years later, Plaintiff filed a second EEOC charge (the "2017 retaliation charge") alleging

---

[1] Defendant additionally filed two affidavits with several attached exhibits (Docs. ## 15, 16) and a statement of undisputed facts. (Doc. #20).

Defendant formally reprimanded her in retaliation for her 2015 discrimination charge. *See* EEOC Charge Number 511-2018-00686.

The EEOC mailed a right to sue letter for the 2017 retaliation charge to Plaintiff on November 30, 2017. On March 28, 2018, Plaintiff filed her complaint alleging a single count of retaliation under Title VII pursuant to her 2017 retaliation charge. (Doc. #1). Defendant filed an answer on April 30, 2018. (Doc. #6). Since the filing of this lawsuit, Plaintiff was recommended for termination in September 2018 on grounds including her shortcomings cited in the 2017 formal reprimand. Plaintiff resigned in November 2018.

## **Legal Standard**

The Court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Whether a genuine issue concerning a material fact exists is itself a question of law that must be decided by the court." *See Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1317–18 (11th Cir. 2015). An issue is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden to show there is no genuine issue of material fact. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party has met that burden, the nonmoving party must identify specific facts and evidence to show the existence of a genuine issue of material fact. *Jeffrey*

2

*v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). While the Court considers the facts in the light most favorable to the nonmoving party, speculation does not create a genuine issue of fact and the nonmovant must provide more than a mere scintilla of evidence to survive summary judgment. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008); *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## Analysis

To establish a retaliation claim under Title VII, Plaintiff must show: (1) she was engaged in protected activity, (2) she suffered a materially adverse action,[2] and (3) there was a causal connection between her engagement in the protected activity and the adverse action. *See Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). Title VII retaliation claims must be proven according to the traditional principles of but-for causation. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018). Plaintiff therefore must be able to establish that the "unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of [Defendant]." *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

Initially, the Court notes that Plaintiff has failed to rebut any of the facts established by Defendant. In support of its motion, Defendant has provided affidavits, letters, and documentation. *See* (Docs. ## 14, 15, 16, and 20). Plaintiff, on

---

[2] The Eleventh Circuit has yet to decide whether a reprimand alone constitutes a materially adverse employment action. *See Brathwaite v. School Bd. of Broward Cty., Fla.*, 763 F. App'x 856, 861 (11th Cir. 2019).

3

the other hand, failed to appear for her deposition multiple times and failed to provide verified written responses to the Defendant's interrogatories.[3] The only fact Plaintiff places on the record comes from her own affidavit where she contends the errors she was reprimanded for are "commonly committed by clerks."[4] Further, Plaintiff's pleadings and conclusory allegations, in the absence of any specific supporting facts, have no probative value. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). This failure has left the Court almost exclusively with the evidence provided by Defendant.

Furthermore, the Court only considers the 2017 formal reprimand and will not examine the September 2018 termination recommendation. Defendant's recommendation to terminate Plaintiff's employment in September 2018 took place almost a year after the conclusion of the EEOC's investigation into the 2017 retaliation charge. *See* (Doc. #15-2).[5] Nothing in the record suggests that the termination recommendation, an action that occurred long after the conclusion of the EEOC investigation, could reasonably be expected to grow out of the charge. *See Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279–80 (11th Cir. 2004) ("allegations of new acts of discrimination are inappropriate" and a "plaintiff's

---

[3] Plaintiff provided only unverified responses. None of her statements were under oath and therefore cannot be considered. *See* Fed. R. Civ. P. 33(b)(3) ("[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath").
[4] Plaintiff's affidavit deals largely with the underlying facts of her 2015 discrimination charge. That charge is not at issue in this case and she may not use this case to raise such issues. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002). Furthermore, the 2015 discrimination charge is the subject of a separate pending lawsuit. *See Angel V. Demps v. Hillsborough County Clerk of the Circuit Court*, Case No. 8:18-cv-02672-T-36TGW (M.D. Fla.).
[5] The termination recommendation is signed by an individual who was not referenced in Plaintiff's original retaliation charge and cites reasons beyond the August 2017 reprimand.

4

judicial complaint is [therefore] limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the" original charge); *Baskerville v. Sec. of Dep't of Veteran Affairs*, 377 F.Supp.3d 1331, 1335 (M.D. Fla. 2019) (only "claims which serve to amplify, clarify, or more clearly focus earlier EEOC complaints are appropriate"). Because the termination recommendation occurred after the conclusion of the EEOC's investigation it could not have reasonably been expected to grow out of the original charge, Plaintiff has not exhausted her administrative remedies, and the Court therefore may not consider it at this time. *See Baskerville*, 377 F.Supp.3d at 1335.[6]

After reviewing the evidence, the Court finds no genuine issue of material fact and Defendant is therefore entitled to judgment as a matter of law because (1) Plaintiff cannot establish a causal connection between Defendant's reprimand and Plaintiff's 2015 discrimination charge; and (2) Defendant has established, and Plaintiff failed to rebut, non-retaliatory reasons for its reprimand.

***Plaintiff cannot establish a causal connection.***

"[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint fails as a matter of law." *See Thomas v. Cooper Lightning, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Further, "mere temporal proximity, without more, must be 'very close.'" *Id.* (quoting *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273 (2001)); *see, e.g., Harris v. Fla. Agency for Health Care Admin.*, 611 F. App'x 949,

---

[6] The Court notes that, even if it could consider the termination recommendation, summary judgment would still be warranted.

5

951 (11th Cir. 2015) ("[i]n the absence of other evidence connecting causation, a three-month proximity … does not create a jury issue"); *Higdon v. Jackson*, 393 F.3d 1211, 1220–21 (11th Cir. 2004).

Here, Plaintiff alleges that Defendant's August 2017 reprimand was in response to an EEOC charge filed in 2015. Plaintiff has failed to establish temporal proximity or any other factual grounds upon which Plaintiff may establish causation. This two-year gap, especially in the absence of any additional evidence of causation, is clearly insufficient. Therefore, Plaintiff's claim fails as a matter of law.

***Defendant established non-retaliatory reasons for the reprimand.***

Even assuming Plaintiff could have established a prima facie case for retaliation, Defendant has articulated legitimate, non-retaliatory reasons for the reprimand, and Plaintiff has not placed any fact in the record tending to show that those reasons were pretextual. *See Williams v. Apalachee Ctr., Inc.*, 315 F. App'x 798, 799 (11th Cir. 2009) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001)). Defendant states that Plaintiff was reprimanded because:

> First, as a result of the Plaintiff's failure to accurately record information in a criminal case and cancel a hearing date, a capias was issued for the criminal defendant and he was required to forfeit his surety bond because he did not attend the hearing that was supposed to be canceled. Second, in a separate criminal matter, the Plaintiff's failure to recall an outstanding warrant after the criminal defendant entered a plea and was sentenced resulted in the defendant being arrested and booked based on the old warrant. The Plaintiff's conduct negatively impacted the community which the Defendant serves, as well as the Defendant and other County agencies.

(Doc. #14). In other words, at least one person unnecessarily went to jail on account of Plaintiff's errors. To support this argument, Defendant includes affidavits and

documentation including several performance reviews supporting its explanation for the decision and the reasons behind it. *See* (Docs. ## 14, 15, 16). To rebut this evidence, Plaintiff merely asserts in her own affidavit that the mistakes she was reprimanded for are commonplace. Plaintiff's single allegation in her affidavit constitutes a "mere scintilla" of evidence is insufficient to defeat summary judgment. *See Urquilia-Diaz*, 780 F.3d at 1050. As such, the Court finds that Defendant has established non-retaliatory reasons for the reprimand and is entitled to judgment as a matter of law.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's Motion for Summary Judgment is **GRANTED**.
(2) The Clerk is directed to enter judgment in favor of **DEFENDANT, HILLSBOROUGH COUNTY CLERK OF THE COURT**.
(3) The Clerk is further directed to close this case after the entry of judgment.

**DONE** and **ORDERED** in Chambers in Tampa, FL this 10th day of October, 2019.

                              **TOM BARBER**
                              **UNITED STATES DISTRICT JUDGE**